■ American General Life Insurance Company of New York, Appellant, v Diane Dos Santos, Respondent. — Order, Supreme Court, New York County (Evens, J.), entered December 22, 1980, denying plaintiff insurance company's motion for summary judgment in an action seeking rescission of a disability insurance policy issued to defendant, affirmed, without costs. An issue of fact is presented as to the materiality of the misrepresentation attributed to the defendant in her application for a disability benefit insurance policy. Although it appears that defendant had sustained substantial injuries more than a year before in an accident not disclosed in her application, we are not persuaded that plaintiff's conclusory allegations suffice to establish as a matter of law that "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." (Insurance Law, § 149, subd 2; cf. *Process Plants Corp. v Beneficial Nat. Life Ins. Co.*, 53 AD2d 214, affd on opn of App Div 42 NY2d 928.) Concur — Sandler, Sullivan and Kassal, JJ.

Murphy, P. J., and Kupferman, J., dissent in a memorandum by Murphy, P. J., as follows: Defendant Diane Dos Santos was involved in an automobile collision on January 4, 1977. In her motor vehicle accident report, she described her injuries as follows: "whiplash, neck, rt arm, spine hips". The defendant was treated by a Dr. Martin Feit until May 18, 1977. In a letter, dated September 12, 1977, Dr. Feit made the following comments about defendant's condition: "The prognosis at that time was poor and guarded. The final diagnosis is cerebrial [*sic*] concussion, sprain and strain to the right elbow, right and left shoulders, right hand, carnal [*sic*] tunnel syndrome, carnal [*sic*] hanate syndrom [*sic*] and whip lash injury". On March 22, 1978, the defendant submitted an application for an accident and sickness disability income policy to the plaintiff, American General Life Insurance Company of New York. The defendant gave a negative response to subdivisions a and b of

question 20. Those questions read as follows: "20. *Other than above,* have any of the proposed insureds within the past 5 years: a. Had any mental or physical disorder not listed above? b. Had a checkup, consultation, illness, injury, surgery?" On April 12, 1978, the plaintiff issued a policy to the defendant. On May 6, 1978, the defendant was in a second automobile collision. The defendant submitted a claim for benefits under the subject policy on June 8, 1978. The defendant described her injuries on the claim form as follows: "concussion — with multiple injuries — neck." Dr. Feit also submitted an "attending physician's statement" with defendant's claim form. In answer to question 4 of his statement, Dr. Feit stated that the defendant never had the "same or similar condition". In the course of its investigation, the plaintiff discovered that the defendant had been involved in the first occurrence on January 4, 1977 and had sustained the resultant injuries. Plaintiff brought this action to rescind the policy and to recover a net amount of $2,297.23 in benefits paid. On its motion for summary judgment, plaintiff submitted an affidavit from Lawrence Bonney, its manager of underwriting. Bonney concludes his affidavit with this statement: "8. Had the plaintiff known the true facts with respect to the prior history of the defendant, the certificate of insurance for disability, sickness and hospital confinement indemnity would not have been issued". Defendant asserts in her affidavit that she informed plaintiff's agent, Mr. Mindenberg, of the occurrence on January 4, 1977. However, he allegedly stated, "[W]e won't put that down. Let them find out for themselves." Defendant contends that plaintiff may not be relieved of its contractual obligations because of the misrepresentation made by Mindenberg. With regard to this first issue relating to Mindenberg's misrepresentations, the policy contains this provision on the same page signed by the defendant: "3. No information acquired by any representative of the Company shall be binding upon the Company unless set out in writing in the application." In *Wageman v Metropolitan Life Ins. Co.* (24 AD2d 67, affd 18 NY2d 777), plaintiff Wageman argued that he had disclosed the true facts to the insurer's two agents but they told him that the information could be omitted from the answers to the application. The Court of Appeals agreed with our determination that a policy provision, very similar to the one under discussion, precluded Wageman from raising any claim of fraud or misrepresentation on the part of the insurer's agents. Based upon the precedent set in *Wageman,* defendant's contention that she was misled by Mindenberg should be rejected. The plaintiff, of course, was under no independent duty to investigate the veracity of defendant's answers before issuing the policy. Turning to the second issue of "material misrepresentation", the law in that area has been succinctly set forth in *Process Plants Corp. v Beneficial Nat. Life. Ins. Co.* (53 AD2d 214, 216-217, affd 42 NY2d 928): "It is the rule that even an innocent misrepresentation as to specific diseases or ailments, if material, is sufficient to allow the insurer to avoid the contract of insurance or to defeat recovery thereunder (*Eastern Dist. Piece Dye Works v Travelers Ins. Co.,* 234 NY 441, 449-450; 30 NY Jur, Insurance, §§ 947, 949). Subdivision 2 of section 149 of the Insurance Law provides that '[n]o misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract.' Further, subdivision 4 of section 149 of the Insurance Law states that a misrepresentation that an applicant has not had previous medical treatment shall be deemed, for the purpose of determining its materiality, a misrepresentation that the applicant has not had the ailment for which treatment was given. Ordinarily, the question of materiality of misrepresentation is a question of

fact for the jury. However, where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine. The test is whether failure to furnish a true answer defeats or seriously interferes with the exercise of the insurance company's right to accept or reject the application. The major question is whether the company has been induced to accept an application which it might otherwise have refused (see *Geer v Union Mut. Life Ins. Co.*, 273 NY 261). Applying the foregoing test to the instant facts, it is clear that the misrepresentation is material as a matter of law and that the complaint should have been dismissed". It should be emphasized that neither the defendant nor her attorney avers that the answers to subdivisions a and b of question 20 were not material misrepresentations. Defendant's counsel merely states that "it may be argued that the defendant's prior accident if revealed to the plaintiff insurance company did not affect her insurability". In opposition to the Barney affidavit affirming that the subject policy would not have been issued if the full facts were known, the defense attorney should have done more than point out what "may" be argued. This is not a hypothetical case in which hypothetical defenses might be raised. Therefore, the defense attorney should have made a definitive statement that the failure to list the injuries sustained in the 1977 occurrence did not constitute a material misrepresentation. Moreover, the defendant's own affidavit should have contained a statement updating the status of the injuries which she sustained in the 1977 occurrence. The defendant should have submitted some proof suggesting that those earlier injuries were " 'mere temporary disorders' " having no significant bearing upon her general health. (*Geer v Union Mut. Life Ins. Co.*, 273 NY 261, 270, *supra*.) The failure of the defendant to submit her own affidavit or a competent medical affidavit tending to demonstrate that her original injuries were not material to the issuance of the policy is fatal upon this motion. In May of 1977, Dr. Feit argued that defendant's prognosis was "poor and guarded." In the absence of any proof that the defendant staged a speedy recovery in the latter months of 1977 and the early months of 1978, there is no reason to believe that those injuries were not extant and not significant on the date the application was filed. Because the defendant was silent on the controlling issue of materiality, that issue must be resolved in plaintiff's favor, as a matter of law, upon this motion for summary judgment (cf. *Crotty v State Mut. Life Assur. Co. of Amer.*, 80 AD2d 801). On the evidence presented, this court may only conclude that the plaintiff would not have issued the policy had it known of defendant's prior injuries. For the reasons stated, the order of the Supreme Court, New York County (Evens, J.), entered December 22, 1980, denying plaintiff's motion for summary judgment, should be reversed, on the law, and the motion should be granted, with costs.