ANITA CHERKES, an Infant, by FRANCES CHERKES, Her. Guardian ad Litem, et al., Respondents, v. POSTAL LIFE INSURANCE COMPANY, Appellant.

First Department, March 22, 1955.

*Orrin G. Judd* of counsel (*William F. McNulty* and *James F. Cahill* with him on the brief; *Judd & Gurfein,* attorneys), for appellant.

*Leonard M. Mandel* of counsel (*Elliott B. Paley* with him on the brief; *Nemeroff, Jelline, Danzig & Paley,* attorneys), for respondents.

PECK, P. J.   Plaintiff has recovered judgment, entered upon a verdict, on a policy of life insurance issued by defendant.   The defense to the action was an assertion of material misrepresentations made by the insured in his application for the policy.

In answer to the questions " When and by whom have you had a periodic or health examination? " and " Name all symptoms, diseases or disorders for which you have consulted a physician or sought treatment during the last five years ", the insured made reference only to an operation in the year 1949 for the removal of his gall bladder and to the preoperative examination in connection therewith.   He answered in the negative questions as to the existence of any other disease or disorder.   No reference was made to the fact that in the spring of 1950, shortly before making the application for insurance, he had been examined by three doctors for a kidney condition and had been admitted to a hospital for a complete examination, which had revealed cysts in both kidneys.   The insured died in October, 1951, upon readmission to the hospital for a re-evaluation of his kidney condition, of a gastrointestinal hemorrhage.

The application for the policy did disclose, in addition to the name of the doctor performing the gall bladder operation and the name of the hospital at which it was performed, mistakenly stated as Mt. Sinai instead of Doctors' Hospital, the name of the insured's personal physician, and authority was given to the insurance company to make inquiry and receive information from the doctors and from the hospital.   Defendant took advantage of this authority only to the extent of checking with the surgeon who performed the gall bladder operation.   Nothing was disclosed upon this inquiry as to the kidney condition.   If inquiry had been made of the insured's personal physician or of Doctors' Hospital, or of Mt. Sinai Hospital where the insured had previously been hospitalized for the kidney condition, the facts relating to the kidney condition would have been uncovered.

It is apparent that there was a deliberate concealment by the

insured of his kidney condition and that the application misrepresented the state of his health and previous medical consultations. It is also clear from the evidence that the misrepresentations were material. Plaintiff contends, however, that defendant was put on notice as to the true conditions by insured's reference to his personal physician and to Mt. Sinai Hospital, and that defendant is chargeable with knowledge of what it would have learned if it had made inquiry at those sources of information. The trial court submitted to the jury the question of whether defendant was so chargeable with notice under the circumstances, and the jury by its verdict in plaintiff's favor presumably found that defendant was chargeable with such notice.

We conclude that there was no warrant in fact or law for charging defendant with this notice. The issue tendered should not have been submitted to the jury and a verdict should have been directed for the defendant.

Defendant's negligence in not making further inquiry may be conceded, but that is not the equivalent of knowledge, nor does it cancel out or counteract the insured's fraud. Knowledge that the insured was not a favorable risk did not cast the burden upon defendant of looking suspiciously and searchingly beyond the facts disclosed for undisclosed ailments (*Zeldman* v. *Mutual Life Ins. Co.*, 269 App. Div. 53). The test is not one of what prudent inquiry would have revealed. The question is whether the information given, although partial, was sufficiently indicative of something more to be tantamount to notice of the unrevealed. We hold that it was not in this case. There was no indication whatever of the kidney condition or that further inquiry might reveal more than the application disclosed. Inquiry by defendant under the circumstances was optional. It was entitled to rely upon the insured's representations. Plaintiff may not shift the burden of truthfulness which was upon the insured into a burden of distrust and additional inquiry on the part of defendant.

The judgment appealed from should be reversed and the complaint dismissed, with costs to appellant.

COHN, CALLAHAN, BREITEL and BASTOW, JJ., concur.

Judgment unanimously reversed, with costs to the appellant and judgment is directed to be entered in favor of defendant dismissing the complaint herein, with costs.