Edward T. McCaffrey, J.
Plaintiff in this action seeks (1) declaratory judgment interpreting a certain policy of insurance and the plaintiff’s rights thereunder; (2) reinstatement of *768 the plaintiff as a policyholder and (3) damages as a result of certain expenses sustained by plaintiff as a result of two hospital confinements.
Defendants answer with a denial and as a complete defense aver that the plaintiff misrepresented to the defendants in his application for the coverage in question. The two other defenses were withdrawn by the defendants and no evidence was submitted in connection therewith.
The evidence indicates that the plaintiff signed and submitted a nongroup application to defendants on August 7,1963, in which he represented in response to question No. 18 that he last consulted a physician in June 1962, with the reason for his visit as a “ physical checlc-up ”. He at that time gave the name and address of the physician. He also represented in response to question No. 20 that he was in good health and free from disease or ailment.
The record of the physician mentioned by plaintiff in his application was admitted into evidence and it indicates that the date of the visit was February 7,1962 and further that the plaintiff complained to that physician of pain in the epigastric area. He was X-rayed with negative results. That prior thereto, he was on an ulcer diet for three months with medication and felt better. He was told to have inter-meal feedings and apparently he was unable to do so and his pain had returned. The hospital record dated December 25, 1964, the date of his first entry into the hospital, states: ‘ ‘ He enters for evaluation of four years abdominal pain — mainly epigastrium — like a ‘ pressure pain ’ —pulling down ’ ”, and it goes on to state that he has been taking various medications for these pains.
The purpose of the inquiry by defendants as to previous medical treatment of the plaintiff and the query as to the plaintiff’s present health was to ascertain whether the plaintiff has recently suffered any physical disorder, which might not be discovered by the defendants ’ medical examiner but would have, of course, affected the risk.
“ The medical history of an applicant, both as to present and past ailments and illnesses, is absolutely essential to enable an insurance company to intelligently pass upon the desirability of a risk. No part of such history is more important or material to the company than that relating to prior treatments by physicians. It is not for the applicant to decide whether the matter concerning which he has consulted a physician was serious or trivial. The insurance company is entitled to determine that question for itself ” (Keck v. Metropolitan Life Ins. Co., 238 App. Div. 538, 540, affd. 264 N. Y. 422).
*769 Nor can it be claimed that once the name of the physician was given to the defendants, the plaintiff disclosed sufficient information to the defendants. The defendants were entitled to rely upon the plaintiff’s representations (Charles v. Postal Life Ins. Co., 285 App. Div. 514, affd. 309 N. Y. 964).
In view of his complaint of abdominal pain in 1962 and the treatment in connection therewith, as well as acknowledgment of this pain existing for a period of four years as of December, 1964, this court is constrained to find that the representation in his application to the defendants was of such materiality and was so false as to declare the policy void and accordingly, judgment is rendered in favor of defendants.