Samuel E. Rosenberg, J.
Defendants move for summary judgment dismissing the complaint. The action is based on a policy of life insurance. Defendant Bregman is not mentioned in the complaint. He is the agent who obtained the policy *725 application and to whom it is claimed material information was orally vouchsafed thus negativing any material misrepresentation. Defendants claim the first premium was not paid while assured was in good health and there was material misrepresentation. There is no contest with respect to the availability of the defenses under the incontestability clause.
The policy was issued March 7, 1968. The application is dated March 2, 1968. All responses to pertinent questions were negative. It is admitted there were five hospital admissions in the period May, 1965 to March 2, 1968. A negative answer was made to the question respecting treatment at any time for brain or nervous disorder. It is admitted that the five confinements involved mental or nervous disorder. It is asserted disclosure was made to the agent who filled out the application except as to signature. By the terms of the policy these factors are excluded from consideration. It must be assumed assured read the application and it is so stated therein. (Minsker v. John Hancock Mut. Life Ins. Co., 254 N. Y. 333; Axelroad v. Metropolitan Life Ins. Co., 267 N. Y. 437.)
The representation is material (Insurance Law, § 149). In the circumstances here the representation is material as a matter of law (Arcese v. Equitable Life Assur. Soc., 32 Misc 2d 410; Keck v. Metropolitan Life Ins. Co., 238 App. Div. 538). The motion is granted.