Theodore N. Horton, as Administrator of the Estate of Ronald E. Horton, Deceased, et al., Respondents, v. Prudential Insurance Company of America, Appellant.

Third Department, January 23, 1975.

*Hinman, Howard & Kattell (John S. Davidge* of counsel), for appellant.

*Cenesky, Alenik & Stefanski (Marvin Alenik* of counsel), for respondents.

Herlihy, P. J. On or about October 1, 1969 the decedent, Ronald E. Horton, aged 21 years, signed an application to the defendant for a life insurance policy. The record conclusively

establishes that the application form required information as to hospitalizations of the decedent and that a recent hospitalization of him involving an apparently serious medical disorder was omitted from the application. The defendant accepted the risk and issued its policy on November 25, 1969 with a copy of the application attached. (See Insurance Law, § 142.) The decedent suffered fatal injuries in an automobile accident on December 5, 1969 and died on December 7, 1969 prior to actual delivery of the insurance policy to him. The defendant investigated after the death and refused to pay because of material misrepresentation in the application. (See Insurance Law, § 149.)

At the close of the evidence, the defendant moved for a dismissal of the complaint upon the ground that the evidence conclusively established a material misrepresentation by omission of facts material to the issuance of the policy. The trial court declined to grant the motion for a directed verdict upon the ground that there were issues of fact and submitted the case to the jury.

The present record clearly establishes a material misrepresentation of fact in the application which induced the issuance of the policy and, as a matter of law, the defendant would ordinarily be entitled to rescind the policy and avoid payment to beneficiaries. (See *Vander Veer* v. *Continental Cas. Co.,* 34 N Y 2d 50, 52, 53; *Geer* v. *Union Mut. Life Ins. Co.,* 273 N. Y. 261, 270.)

The plaintiffs make several assertions, none of which appear to be especially cogent or persuasive. Firstly, they profess to see significance in the fact that it was the defendant's agent who actually transcribed the decedent's oral answers onto the application form. Such an action was, however, nothing more than regular company procedure. Then, too, they allude to the failure of the defendant to call that agent to the stand. A witness testified that the agent in question was no longer with the company or even in the State. The factual discrepancies in the decedent's file, including the confusion as to whether his service was in the Army or the Marines seem, all in all, no more crucial than the two points immediately above.

Similarly unavailing are the plaintiffs' allusions to various points of law, having, in the main, no direct bearing upon the outcome of the case at hand. Neither rules vis-à-vis the delivery of an insurance policy with knowledge of an existing breach of conditions of health nor rules with respect to the imputation of an insurance agent's knowledge to his company are truly per-

tinent here because they are not among the issues involved in the instant case.

The defendant ultimately contends that the failure of the decedent to disclose his hospitalization in 1968 and his failure to otherwise make a full disclosure of his maladies constituted material misrepresentations as a matter of law, and that the trial court thus erred in submitting the question to the jury as an issue of fact.

In *Geer* v. *Union Mut. Life Ins. Co.* (*supra,* p. 270), the court said: "The insurance company did not agree that a jury might decide what risks the company should accept. It reserved that choice to itself, and in order to determine whether in a given case it should exercise that choice, it required certain information of each applicant. Here the applicant gave erroneous information, and the insurance company acted upon the information it received. If the truth had been disclosed it might perhaps have rejected the application or it might have accepted it. No person can say with any degree of certainty what action it might have taken, but it cannot be doubted that the erroneous statement deprived the company of its freedom of choice * * * and if the truth had been disclosed, it might, reasonably, have acted differently. It follows then that the representation was material as a matter of law."

And again at page 272: "Under each test materiality is a matter of degree and a misrepresentation through concealment of a fact in regard to a condition of health or physicians consulted, is material where it appears that a reasonable insurer would be induced by the misrepresentation to take action which he might not have taken if the truth had been disclosed. * * * As said earlier in this opinion, the rule in this State is that where an applicant for insurance withholds information called for by questions in an application blank concerning medical advice for ailments which are not ' mere temporary disorders, having no bearing upon general health the inquiry was not to be passed over as trivial. It was made material to the risk.' " (See also *Vander Veer* v. *Continental Cas. Co., supra; Wageman* v. *Metropolitan Life Ins. Co.,* 24 A D 2d 67, affd. 18 N Y 2d 777.)

The judgment should be reversed, on the law, and the complaint dismissed, without costs.

GREENBLOTT, SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment reversed, on the law and complaint dismissed, without costs.