42 N.Y.2d 1046 (1977)
Massachusetts Mutual Life Insurance Company, Appellant,
v.
Robert E. Tate, Respondent.
Court of Appeals of the State of New York.
Argued September 1, 1977.
Decided October 6, 1977.
David R. Crow for appellant.
Peter J. Byrnes for respondent.
Concur: Chief Judge BREITEL and Judges JASEN, GABRIELLI, JONES, WACHTLER and COOKE. Judge FUCHSBERG dissents and votes to affirm in an opinion.
Order reversed, with costs, and the judgment of Supreme Court, Nassau County, reinstated for reasons stated in the *1047 dissenting opinion by Mr. Justice JAMES D. HOPKINS at the Appellate Division (56 AD2d 173, 182-183).
FUCHSBERG, J. (dissenting).
On the record in this case, I would adopt the findings made by the Appellate Division in its opinion, which extensively reviewed the facts and testimony presented in the trial court.
Most particularly I am persuaded to this viewpoint when I consider the role of Dr. Ferrell. Although a physician, he was also the personal friend of decedent, Mrs. Tate, and of her husband, and it appears that it was as a friend that he volunteered to consult with them on problems of a marital rather than medical nature. These consultations took place years before the policy was issued, and a lay person such as the decedent is likely to characterize them as "counseling" rather than "treatment". There is no evidence that the marital tensions which led to the consultations had ever given rise to a diagnosis of "involutional melancholia" at any time before decedent applied for insurance.
It must be recognized that it has become increasingly common, indeed popular, for people to resort to psychologists and psychiatrists for advice in dealing with the ordinary stresses and tensions of everyday life. Similar counseling is done by members of the clergy, social workers, school counselors, various gurus, and at times even lawyers. There is no question that the insurance policy would be enforceable if the Tates had gone to any of these for help in keeping their marriage together, and it is difficult to believe it should be any different purely because the friend they went to for such help in this case happened to be a doctor. Indeed, whatever Dr. Ferrell's own view of the capacity in which he was acting may have been, it is understandable that the decedent, when she applied for the policy, very well might not look at it as that of physician.
The insurer's handling of the other information on decedent's application is also significant on the issue of what it would have regarded as material when assessing risks. With complete accuracy, Mrs. Tate, who ultimately was to die of pneumonia, disclosed that she had undergone surgery for removal of a cyst on her lung and that her father had died of *1048 pneumonia at the age of 34. Yet neither of these disclosures deterred the company from selling her the policy.
With these considerations in perspective, the Appellate Division appears to have been well-justified in regarding the failure to report the visits with Dr. Ferrell as not material and, therefore, in choosing between the findings of fact at Trial Term and those at the Appellate Division, I would select the latter (see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.16).
Order reversed, etc.