■ DORA MYERS, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.—Appeal (1) from a judgment of the Supreme Court in favor of plaintiff, entered May 25, 1976 in Sullivan County, upon a verdict rendered at Trial Term, and (2) from an order of said court, entered August 4, 1976, which denied defendant's motion to set aside the verdict or for a new trial. Plaintiff has recovered judgment on two life insurance policies issued by defendant on the life of the plaintiff's husband, now deceased. A motion to set the verdict aside and for a new trial was denied. This appeal ensued. The first application to defendant for a joint life insurance policy on the lives of plaintiff and her husband was in June, 1972. In December, 1972 the insured applied to defendant for another life insurance policy. Both policies were issued by defendant with each application being attached to and becoming a part of the policy. On the applications the insured was asked to circle the applicable item if he had ever been treated for or ever had any known indication of jaundice, intestinal bleeding, ulcer, hernia, appendicitis, colitis, diverticulitis, hemorrhoids, recurrent indigestion, or other disease or disorder of the stomach, intestines, liver or gallbladder. Although not circling any of the items, insured did answer yes, and under the heading "Details" was stated "Gastroenteritis see 6 c". The answer to 6 (c) was left blank on one application while on the other it was stated that the insured had last been treated for "trouble" with his stomach. In answer to item 6 (b), the insured stated his last consultation with his personal physician was on March 22, 1969. Negative responses were also reported in answer to whether the insured had ever been treated for or ever had any known indications of diabetes, thyroid or other endocrine disease or disorder, allergies, anemia or other disorder of the blood. Additionally, the insured was asked if, other than as stated in answers to previous questions, he had, in the past five years, consulted or been examined or treated by any physician or practitioner; had any illness, injury or surgery; been a patient in a hospital, clinic, sanitorium or other medical facility; or had electrocardiogram, X ray or other diagnostic test. These questions were all answered in the negative. It was established in the record, however, by uncontradicted evidence that in May, 1965 the insured was hospitalized for 11 days and discharged with a final diagnosis of diabetes mellitus and hepatitis; that in October, 1967 the insured was admitted to the hospital with a diagnosis of jaundice and 11 days later he was discharged with a final diagnosis of cirrhosis of the liver; that in January, 1972 the insured was again hospitalized for 11 days, with an admitting diagnosis of anemia and cirrhosis and a final diagnosis of stomach ulcer and anemia. On July 10, 1974, the insured died and the cause of death was found to be hepato-renal failure due to or as a consequence of cirrhosis. Defendant contends that, as a matter of law, material misrepresentations were made by the insured in his applications for insurance. We, therefore, must determine whether the insured misrepresented his health as a matter of law, and, if so, whether the misrepresentation was material as a matter of law. Considering the insured's failure to disclose his various illnesses and also his periods of hospitalization in the five years preceding his applications, we are of the opinion that the insured misrepresented his health as a matter of law (*Vander Veer v Continental Cas. Co.*, 34 NY2d 50; Insurance Law, § 149, subd 4). In regard to the question of the materiality of the misrepresentation, the test is whether or not the insurance company has been deprived of freedom of choice in determining whether to accept or reject the risk (*Leamy v Berkshire Life Ins. Co.*, 39 NY2d 271). Defendant's assistant vice-president and associate medical director testified that if the insured had provided the information in

his application consistent with his hospital records, the policies would not have been issued. His testimony on this point was unrefuted. It is evident to this court that certain of the insured's illnesses or conditions were not of a trivial nature. Although the question of materiality is ordinarily a question of fact for the jury, where the evidence concerning the materiality is clear and substantially uncontradicted, it is for the court to decide as a matter of law (Barrett v State Mut. Life Assur. Co., 58 AD2d 320). After careful examination of the record, it is the opinion of this court that the insured deprived defendant of freedom of choice in determining whether to accept or reject the risk and his misrepresentations of his health were material as a matter of law. We are also of the view that the information given by the insured was insufficient to put the defendant on notice of his undisclosed ailments (see Cherkes v Postal Life Ins. Co., 285 App Div 514, affd 309 NY 964). The judgment of the trial court, therefore, must be reversed. Judgment and order reversed, on the law and the facts, without costs, and complaint dismissed, with the direction that the premium paid by the deceased with interest thereon be refunded to the plaintiff. Greenblott, J. P., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.