■ ROSE M. SIMON, Respondent, v GOVERNMENT EMPLOYEES LIFE INSURANCE COMPANY OF NEW YORK, Appellant.—In an action to recover the proceeds of a life insurance policy, defendant appeals from an order of the Supreme Court, Nassau County, dated March 4, 1980, which denied its motion for summary judgment. Order reversed, on the law, without costs or disbursements, motion for summary judgment granted, and complaint dismissed. Plaintiff's husband died on June 14, 1977. As his beneficiary under a life insurance policy issued February 17, 1976, plaintiff filed a claim with the defendant insurance company. By letter dated September 21, 1977, the insurance company notified plaintiff that an investigation had revealed that her husband, in his application, had misrepresented certain facts concerning his medical history. Specifically, on the application questionnaire, the insured incorrectly stated that he had not been hospitalized within the last five years, that he had had no history of blood in the urine, and that he had never been diagnosed as having cancer. Those statements were discovered by the insurance company as having been false. Consequently, it refused to pay on plaintiff's claim, exercised its right to rescind the policy, and refunded all premiums paid. In January, 1979 plaintiff commenced the instant action. In her complaint she admitted that her husband had misrepresented his medical history in applying for insurance. Nevertheless, she alleged that these misrepresentations had been made at the direction of the insurance company's agent, who had full knowledge of the insured's state of health. Thus, the plaintiff claimed that the policy was not affected by the misrepresentations, that it remained in full force and effect, and that any claim thereunder should be paid. Defendant moved for summary judgment, which motion was erroneously denied by Special Term. The subject policy contained the following statement: "This policy shall be incontestable after it has been in force during the lifetime of the Insured for two years from the Issue Date." Such an incontestability clause, drawn pursuant to section 155 of the Insurance Law, allows the insurer to contest a policy after the passage of two years, where, as in the case at bar, "the insured has died within the period limited [citations omitted]." (Kosierowski v Madison Life Ins. Co., 31 AD2d 930, mot for lv to app den 25 NY2d 737.) Thus, defendant has a continuing right to contest the subject policy based on misrepresentations by the insured. Furthermore, the insurer cannot be estopped from asserting such a contest, even if the insured, in applying for coverage, had made false statements at the direction of the insurer's agent. The application was attached to the policy, which had the following clause: "Entire Contract—This policy and the application, a copy of which is

attached hereto at issue, constitute the entire contract. All statements made by or on behalf of the Insured shall, in the absence of fraud, be deemed representations and not warranties. No statement shall be used in defense of a claim under the policy unless contained in the written application and a copy of the application is attached to the policy when issued." Case law holds that if a life insurance application containing a material misrepresentation is attached to the policy, in compliance with section 142 of the Insurance Law, the insurer may avoid the policy, even if its agent had knowledge of the misrepresentation. *(Axelroad v Metropolitan Life Ins. Co.,* 267 NY 437; *Stanulevich v St. Lawrence Life Assn.,* 228 NY 586; see, also, *Halpin v Prudential Life Ins. Co. of Amer.,* 48 NY2d 906.) Since the insured misrepresented the facts concerning previous medical treatment, consultation, and observation for a urinary infection and cancer of the kidney, he must be deemed to have misrepresented that he had not had these diseases. (See Insurance Law, § 149, subd 4; see, also, *Leamy v Berkshire Life Ins. Co.,* 39 NY2d 271; *Tolar v Metropolitan Life Ins. Co.,* 297 NY 441; *Process Plants Corp. v Beneficial Nat. Life Ins. Co.,* 53 AD2d 214.) On the facts of this case, we find, as a matter of law, that such misrepresentations were material within the meaning of subdivision 2 of section 149 of the Insurance Law in that knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to issue its policy. (See *Massachusetts Mut. Life Ins. Co. v Tate,* 56 AD2d 173, revd on other grounds 42 NY2d 1046; cf. *Barrett v State Mut. Life Assur. Co.,* 58 AD2d 320, affd 44 NY2d 872.) Accordingly, defendant's motion for summary judgment is granted and the complaint is dismissed. Hopkins, J. P., Titone, Mangano and Gibbons, JJ., concur.