**Elayne Lorna Corwin FRIEDMAN, Plaintiff,**

v.

**The PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

**No. 83 Civ. 3331 (JFK).**

United States District Court,
S.D. New York.

May 2, 1984.

1018

Marvin D. Yaker, Alice Yaker, New York City, for plaintiff.

Schechter, Schwartz & Greenberg by Ferdinand M. Schwartz, New York City, for defendant.

## OPINION AND ORDER

KEENAN, District Judge:

Plaintiff, Elayne Lorna Corwin Friedman, brought this action to recover death benefits allegedly due to her as the beneficiary of a life insurance policy on which her deceased husband was the named insured. Defendant, The Prudential Life Insurance Company of America, admitted issuance of the policy but counterclaimed to rescind it on the ground that the insured had made material misrepresentations concerning his past medical history on his application for the policy. Plaintiff replied to this counterclaim alleging that defendant was aware of facts that should have put it on notice of the physical condition of the insured and, thus, waived its right to rescind the policy on the basis of the alleged misrepresentations, and was guilty of laches. Jurisdiction is based on diversity of citizenship, as plaintiff is a New York resident and defendant is a New Jersey corporation. The parties agree that New York law applies.

Defendant claims that the defenses raised by the plaintiff are insufficient as a matter of law and has moved for an order (1) granting summary judgment in its favor, dismissing the complaint on the merits and rescinding the insurance policy; (2) dismissing the complaint and rescinding the insurance policy on the grounds that it has been conclusively resolved that the defendant has a good defense to the contract based on documentary evidence; or (3) striking plaintiff's notice to take depositions of the defendant, the paramedic who examined the insured and anyone else in connection with the application for the policy. For the reasons set forth below defendant's motion is granted.

*Facts*

On February 17, 1982 a term life insurance policy with a face amount of $37,000 was issued in the name of Melvin Friedman by the defendant. Mr. Friedman's wife, the plaintiff in this action, was named as beneficiary of the policy. On August 17, 1982 Melvin Friedman died. Claim papers,

including an authorization to release information and a Certificate of Death issued by the New York State Department of Health, were submitted to Prudential as required under the policy as a condition precedent to the collection of benefits. The Certificate of Death stated that the immediate cause of Melvin Friedman's death was cardiac arrest which was due to, or a consequence of, cardiogenic shock and chronic congestive cardiomypathy, the onset of which had occurred "years ago." Defendant denied liability for the claim, disaffirmed the policy and tendered return of the premiums paid on the policy plus interest. Plaintiff then brought this action for amounts allegedly due under the policy.

*Discussion*

■ It should be noted at the outset that the defendant has the right to contest this policy. Under New York law, a life insurance policy must contain a clause stating that the policy is incontestable after it has been in effect for two years. Insurance Law Section 155(1)(b). As the insured under the policy that is the subject of this action died six months after the contract date, the policy was still contestable at the time of the insured's death under both New York law and the terms of the policy.

■ The right to contest a policy is a continuing one when the insured dies within the contestable period. *See Simon v. Government Employees Life Insurance Company,* 79 A.D.2d 705, 434 N.Y.S.2d 447, 449 (2d Dept.1980). The incontestability clause does not limit contest of a policy to a period of two years following the contract date unless the insured survives this two year period. *See id.* As the insured in this action died within two years of the contract date, the defendant has a continuing right to contest the policy. Its claim for rescission, made after it discovered the alleged misrepresentations, therefore, was timely and is not barred by laches.

■ Defendant's counterclaim for rescission of the policy is based on section 149(2) of the Insurance Law. Under this section, recovery under an insurance contract is barred if the contract contains a representation made on the behalf of the insured that is false and material and that was relied upon by the insurer in issuing the policy.

Defendant contends that the insured made false statements in responding to the questions numbered 5, 7(b), 8(a), 9(a), 10(a), 10(b), 11 and 12 on his application for the life insurance policy. In response to these questions, which sought information concerning his medical history, the insured did not disclose treatment received for a heart condition from which the defendant alleges the insured suffered. More specifically, defendant alleges that the insured was confined in Ellenville Community Hospital from January 2, 1979 to January 8, 1979 where his condition was diagnosed as arteriosclerotic heart disease, myocardial ischemia and obesity, that he received certain medication and treatment while confined to the hospital and that subsequent to his discharge he was under the care of Dr. Wainapel. Defendant further alleges that Dr. Wainapel treated the insured for congestive heart failure and an enlarged heart, the latter of which was diagnosed after the doctor had taken an X-ray of the insured's heart, and put him on digitalis and diuretics. No information concerning this alleged treatment is contained in the insured's application attached to the policy.

Defendant contends that all representations and declarations made in response to questions to its insurance applications are material to it in determining whether to accept an application and issue a policy. According to defendant, by omitting certain treatment and diagnoses in answer to questions concerning his medical history, the insured misrepresented that the treatment mentioned on his application was the only treatment that he had received. Defendant claims that it was induced to and did issue the policy on the basis of these misrepresentations.

Plaintiff denies knowledge or information concerning the medical history of the insured prior to the date of the application,

although admits his obesity. She asserts, however, that even if the facts that defendant alleges concerning the insured's medical history are true, defendant waived its right to rescind the policy. This waiver defense asserted by plaintiff is based on alleged actions of agents of defendant in obtaining, completing and accepting the insured's application. Plaintiff suggests that the insurance agent who solicited the policy misled the insured as to what was required in response to questions on the application. She notes that the alleged incomplete answers were inserted on the application by Ms. M.K. Fasoulka, a paramedic employed by an organization that was acting as an agent of the insured after she questioned the insured, and not by the insured himself.

More significantly, plaintiff claims that a review of the questions and responses on the application reveal major inconsistencies which should have required clarification by the paramedic, as well as by the underwriting department of the defendant. In addition, according to plaintiff, the paramedic should have conducted further tests of the insured's heart after she discovered that he had ten premature heart contractions per minute and that the underwriting department should have required further examination after reviewing the paramedic's report revealing this irregularity. It is plaintiff's contention that by failing to seek clarification of inconsistencies on the application or to conduct a further examination of the insured's condition, these agents of the defendant were either negligent or manifested a willingness to assume the risks presented by the inconsistencies on the application and the facts that further investigation would have revealed.

## I. The Insured's Medical History

Plaintiff has consistently denied knowledge of information concerning the insured's past medical history. Her reply to defendant's counterclaim for recission stated that she had no knowledge of treatment that the insured had received prior to 1981. On June 13, 1983, defendant served a Request for Admissions of Fact on the plaintiff. Among the facts that defendant sought admission of were that the insured had received certain treatment and diagnoses from Dr. Wainapel and had been admitted to Ellenview Community Hospital for treatment of a heart condition. Attached to the Request were copies of records bearing the name "Ellenview Community Hospital." These records indicated that the insured had been confined in that hospital from January 2, 1979 to January 8, 1979; that Dr. Wainapel was his attending physician; and that the diagnosis of his condition was arteriosclerotic heart disease, myocardial ischemia and obesity. Defendant sought plaintiff's admission that these were true copies of hospital records.

Plaintiff refused to admit or deny that the insured had received treatment and diagnoses from Dr. Wainapel or that he had been admitted to Ellenview Community Hospital on the ground that she did not know the insured at the time of the alleged treatment and that the insured had never mentioned it to her. She refused to admit that the copies attached to the Request were true copies of the insured's hospital records on the ground that alleged copies of hospital records were not the proper subject of a notice to admit.

Rule 36 of the Federal Rules of Civil Procedure provides that "an answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." Plaintiff has made no statement of reasonable inquiry concerning the insured's medical history or that the information obtainable by her is insufficient to enable her to admit or deny. The appropriate sanction for such failure of a party to inform itself before it answers lies in the award of costs after trial, as provided by rule 37(c), Advisory Committee Notes to Fed.R.Civ.P. 36, and not treatment of the requests as admitted. A party cannot, however, rely on its failure to make a reasonable inquiry as to the facts sought to be admitted to create a

dispute as to the truth of those facts. The Court does not treat plaintiff's claimed lack of knowledge of the facts as creating a dispute as to the truth of the facts alleged by defendant.

Defendant submitted an affirmation of Dr. Wainapel that set forth the treatment he gave the insured with its summary judgment motion. The copies of the hospital records attached to the Request for Admissions, which had previously been filed with the Court, were incorporated in defendant's moving papers by reference to the records in the affidavit of defendant's attorney.

■ Under rule 56(e) of the Federal Rules of Civil Procedure, a summary judgment motion supported by affidavits cannot be defeated by mere allegations and denials. To defeat the motion the nonmoving party must respond by setting forth specific facts that demonstrate that a genuine issue of fact exists to be determined at trial. *Dressler v. MV Sandpiper*, 331 F.2d 130, 132–133 (2d Cir.1964). Plaintiff has not alleged any facts that tend to refute the facts set forth in the affirmation and the hospital records. Mere questioning of the professional abilities and veracity of Dr. Wainapel, unsupported by facts or reasons that justify that questioning, does not create an issue as to whether the treatment was given or the diagnoses were made. *See Gatling v. Atlantic Richfield Co.*, 577 F.2d 185, 188 (2d Cir.) (affidavits speculating as to motivations but containing no factual support do not satisfy the requirements of rule 56(e)), *cert. denied* 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1978). Mere refusal to admit that the copies attached to the request for Admissions are true copies because they do not admit of certification does not create a factual issue as to whether the insured was hospitalized and treated. The affirmation of Dr. Wainapel states that he had the insured hospitalized at Ellenview Community Hospital for the reasons, and at the time, set forth in the copies of the hospital records.

■ Plaintiff's suggestion that the insured may not have reported the alleged treatment because he did not understand its significance also fails to create an issue of fact for trial. *See Leamy v. Berkshire Life Insurance Company*, 39 N.Y.2d 271, 383 N.Y.S.2d 564, 565, 347 N.E.2d 889, 890 (1976) (insured's understanding of significance of misrepresentations irrelevant). No specific facts have been alleged to support this suggestion. Furthermore, under New York law, even an innocent misrepresentation is sufficient to allow an insurer to avoid a contract. *Process Plants Corp. v. Beneficial National Life Insurance Company*, 53 A.D.2d 214, 385 N.Y.S.2d 308, 310, 312 (1st Dept.1976), *aff'd* 42 N.Y.2d 928, 397 N.Y.S.2d 1007, 366 N.E.2d 1361 (1977); *Tannenbaum v. Prudential Mutual Life Insurance Company*, 53 A.D.2d 86, 386 N.Y.S.2d 409, 418 (1st Dept.1976), *aff'd* 41 N.Y.2d 1087, 396 N.Y.S.2d 351, 364 N.E.2d 1122 (1977). It is up to the insurance company, not the insured, to determine whether the matters concerning which the insured consulted a physician and the treatment that the insured received were serious or trivial. *Berlin v. Associated Hospital Service*, 60 Misc.2d 767, 303 N.Y.S.2d 553, 555 (Sup.Ct.N.Y.Cty.1969).

Viewing the inferences to be drawn from the facts set forth in the parties submissions in the light most favorable to the plaintiff, the Court finds that there is no genuine issue of fact as to whether the insured received certain treatment and diagnoses that were omitted from his application for the life insurance policy that is the subject of this action.

## II. *Waiver of the Misrepresentation*

Plaintiff also contends that, even if the insured received the treatment alleged by defendant, it waived the omission of that treatment from the insured's application by the actions of its agents who were aware or should have been aware of the insured's medical history. Plaintiff makes two claims to support this defense of waiver. The first is that defendant's agents either explicitly or implicitly waived the requirement that the insured supply truthful and complete answers to all the questions on the application. The second is that defend-

ant's underwriting department failed to conduct further investigations when it was aware of information which should have put it on notice of the insured's condition. Because of this failure plaintiff argues that the defendant should be charged with notice of any physical conditions that a further investigation of the insured's health would have revealed.

### A. Waiver of truthful and complete responses.

Any misrepresentations or waivers made by the defendant's agents, however, are not relevant to this action. The policy contained a clause stating "no agent can make or change a contract, or waive any of Prudential's rights or needs." Under New York law, an insurance carrier is not bound by the acts of its agent when they were not within the scope of the agent's authority and the insured had actual notice of the limitation of the agent's authority. *Spiegel v. Metropolitan Life Insurance Company*, 6 N.Y.2d 91, 188 N.Y.S.2d 486, 488, 160 N.E.2d 40, 42 (1959); *Prudential Insurance Company v. Murchison*, Slip Op. No. 82–16930 p. 14 (Sup.Ct. Bronx Cty. August 15, 1983). As the clause containing the limitation of agent's authority is two lines above the insured's signature on the application and the first page of the policy warns the owner to read the policy with care, plaintiff cannot contend that the insured was not aware of the limitation. *See Prudential Life Insurance Company v. Murphy*, N.Y.L.J. June 16, 1970 p. 2 col. 1 (Sup.Ct.N.Y.Cty.). Thus any alleged affirmative statement made by an agent of the defendant to the effect that the insured need not report certain treatment on his application is irrelevant to this action as a matter of law. *See Simon v. Government Employees Life Insurance Company, supra*, 434 N.Y.S.2d at 449; *Gam v. Equitable Life Assurance Society*, 67 Misc.2d 724, 325 N.Y.S.2d 241, 242 (Sup.Ct. Bronx Cty.1971).

Furthermore, the insured represented that the statements made on the application were true and complete to the best of his knowledge and belief. If the alleged treatment was rendered, this statement was an affirmative misrepresentation, as failure to disclose in response to a specific question is as much a misrepresentation as is a disclosure that is a mistruth. *Fernandez v. Windsor Life Insurance Company*, 83 Misc.2d 301, 372 N.Y.S.2d 357, 363 (Sup.Ct. Queens Cty.1975), *aff'd* 52 A.D.2d 589, 382 N.Y.S.2d 120 (2d Dept. 1976). By virtue of having made this representation, the insured was aware that truthful and complete answers were required on the application. Plaintiff cannot claim, therefore, that the misrepresentations are attributable to the paramedic and not the insured, even if the paramedic actually inserted the false or incomplete answers on the application. *See Horton v. Prudential Life Insurance Company*, 46 A.D.2d 456, 363 N.Y.S.2d 130, 131 (3d Dept. 1975). It is the duty of the policy holder to examine the policy and to correct any answers that are not correct or complete. *Minsker v. John Hancock Mutual Life Insurance Company*, 254 N.Y. 333, 338, 173 N.E. 4 (1930); *Gondolfo v. New York Life Insurance Company*, 68 Misc.2d 961, 328 N.Y.S.2d 457, 459 (Sup.Ct. Rockland Cty. 1971); *see Equitable Life Assurance Society v. O'Neil*, 67 A.D.2d 883, 413 N.Y.S.2d 714, 716 (1st Dept.1979).

Finally, under New York Law, any alleged knowledge obtained by an agent of the insured is not imputable to the insurer when the insured is on notice that the agent does not have the authority to waive terms of the policy. *Prudential Insurance Company v. Murchison, supra,* Slip Op. No. 82–16930; *see Wageman v. Metropolitan Life Insurance Company*, 24 A.D.2d 67, 263 N.Y.S.2d 915, 917 (1st Dept.1965), *aff'd* 18 N.Y.2d 777, 274 N.Y. S.2d 908, 221 N.E.2d 566 (1966). The policy contains a provision stating that the policy and the application attached form the entire contract between the parties. According to this provision, evidence extraneous to the policy and the application cannot be introduced to modify the terms of the contract between the insured and the defend-

ant. *See id.; Lau v. Guardian Life Insurance Company,* 78 Misc.2d 332, 355 N.Y. S.2d 950, 954 (Civ.Ct. City of N.Y.1974). Defendant, therefore, cannot be charged with knowledge of the insured's medical condition not disclosed on the application, even if the insurance agent or paramedic who examined the insured were aware of that condition. *See Kantor v. Nationwide Life Insurance Company,* 16 A.D.2d 701, 227 N.Y.S.2d 703, 704 (2d Dept.1962). Consequently, whether the selling agent or the paramedic were on notice of the insured's prior medical history is irrelevant to this action as a matter of law. *See Lau v. Guardian Life Insurance Company, supra,* 355 N.Y.S.2d at 954.

The rulings of the New York Court of Appeals in *Trainor v. John Hancock Mutual Life Insurance Company,* 54 N.Y.2d 213, 445 N.Y.S.2d 81, 429 N.E.2d 759 (1981) and *Tannenbaum v. Provident Mutual Life Insurance Company,* 41 N.Y.2d 1087, 396 N.Y.S.2d 351, 364 N.E.2d 1122 (1977), in which the insurers were estopped from disclaiming all liability despite the fact that the insureds had made material misrepresentations on their applications, do not affect the result in this action. In those cases, the insurance agents violated Insurance Department regulations concerning the issuance of replacement policies that the insurance company is obligated to make sure that its agents follow. The remedy awarded in those cases essentially put the parties in the position they had been in prior to the alleged fraud. A violation of insurance department regulations has not been alleged in this case. Furthermore, plaintiff would not be satisfied with the remedy awarded in those cases. Defendant offered to put the plaintiff in the position she would have been in if the policy had not been issued when it tendered return of the premiums. Plaintiff rejected that offer and brought this action on the policy.

B. Inquiry notice.

Plaintiff also contends that the paramedic's report indicating that the insured had ten premature heart contractions per minute and the inconsistencies on the face of the application should have put the underwriting department on notice of the condition of the insured. Because defendant failed to conduct a further investigation when confronted with this information plaintiff contends that it should be charged with the knowledge that a reasonable investigation would have revealed.

 Under New York law, an insurer is not required to verify medical records that the insured has represented were negative as to health conditions inquired about. *Metropolitan Life Insurance Company v. Blum,* 7 A.D.2d 488, 184 N.Y.S.2d 455, 458 (1st Dept.), *reargument denied* 8 A.D.2d 782, 187 N.Y.S.2d 978 (1959), *aff'd* 9 N.Y.2d 954, 217 N.Y.S.2d 225, 176 N.E.2d 202 (1961). Similarly, an examination conducted by an insurer does not infringe upon the right to avoid an insurance policy because of a material misrepresentation. *Greene v. United Mutual Life Insurance Company,* 38 Misc.2d 728, 238 N.Y.S.2d 809, 813 (Sup.Ct. Bronx Cty.1963). Only if the examination uncovers a falsity or facts which reasonably place it under a duty to make further inquiry does the examination infringe upon the insurer's right to avoid the policy. *Id.* Mere negligence in failing to conduct a further inquiry, however, is not enough. "Even if the defendant was negligent in some degree ... 'in not making further inquiry, that is not the equivalent of knowledge nor does it cancel out or counteract the insured's fraud.'" *Fleet Messenger Service, Inc. v. Life Insurance Company of North America,* 315 F.2d 593, 598 (2d Cir.1963), *quoting Cherkes v. Postal Life Insurance Company,* 285 App.Div. 514, 138 N.Y.S.2d 788, 790 (App.Div. 1st Dept.1955), *aff'd* 309 N.Y. 964, 132 N.E.2d 328 (1956). Thus for a duty of inquiry to be placed upon the insured plaintiff must show that "the information given, although partial, was sufficiently indicative of something more to be tantamount to notice of the unrevealed." *Id.*

 The only fact revealed by the paramedics report that could have put the

defendant on notice of the insured's heart condition was that he had ten premature heart contractions per minute. Under defendant's underwriting rules, attached to defendant's answers to plaintiff's interrogatories and explained in the affidavits of Stan Burris and Jennifer Walker of the defendant's underwriting department, this condition alone does not require further investigation. When irregularities of heart beat are discovered, the rules provide for classification and assignment of debits to the application on the basis of what happens to the irregularity following exercise. Debits and credits are assigned to an application based on the insured's present physical condition, medical history, health habits and life expectancy. Whether a policy will be issued and the rate at which it will be issued are determined by an assessment of the debits assigned to an application against the credits assigned to the application. Although the insured in this case was not tested following exercise, the maximum number of debits that could have been assigned to his irregularity in heart beat was 30. This assumes that the irregularity would have increased by more than four per minute immediately after exercise. Zero debits would have been assigned if the increase had been less than four.

The underwriting rules did not require any further investigation, regardless of the increase in the irregularity following exercise. Assignment of the 30 debits and their evaluation in light of the application, is all that would have been required. An additional 25 debits would have been assigned to the application on the basis of defendant's weight, making a total of 55 debits. These debits would have been offset, however, by the credits assigned to the application. Forty credits would have been assigned because the insured did not smoke and an additional 20 credits would have been assigned because both of his parents lived until over age 70. This would have left a balance of five credits. As the application contained no indication of heart problems besides the insured's weight, the underwriting rules did not impose a duty

on the defendant to conduct a further inquiry.

Furthermore, plaintiff has not alleged facts which suggest that premature contractions are indicative of or symptomatic of other heart conditions, and thus should have placed the defendant on notice of those conditions. The only facts concerning the irregularity that are before this Court are contained in defendant's underwriting rules, which describe premature contractions as one of the most common irregularities of heart action. Plaintiff has alleged no facts suggesting that a medical relationship exists between the irregularity and another, more serious condition that would have become apparent upon further investigation. Thus no basis has been alleged upon which a jury could rest a finding that the irregularity was "tantamount to notice of the unrevealed." The fact that the defendant conducted a preliminary examination of the insured, did not relieve the insured of his obligation to answer questions on the application truthfully. *See Equitable Life Assurance Society v. O'Neil, supra,* 413 N.Y.S.2d at 716.

Plaintiff also cannot rely on the inconsistencies in her insured's application to charge the defendant with a duty of inquiry. These inconsistencies were the result of misrepresentations made by the insured. "Plaintiff may not shift the burden of truthfulness which was upon the insured into a burden of distrust and additional inquiry on the part of the defendant." *Cherkes v. Postal Life Insurance Company, supra,* 138 N.Y.S.2d at 790; *accord Zeldman v. Mutual Life Insurance Company,* 269 App.Div. 53, 53 N.Y.S.2d 792, 796 (1st Dept.1945). The insured's misrepresentations, therefore, cannot be used to charge the defendant with the knowledge further inquiry would have disclosed when truthful and complete answers would have disclosed the same information.

Plaintiff has failed to allege an adequate legal basis for charging the defendant with knowledge of the insured's condition. "One of the major elements of waiver or estoppel against an insurance company is

its knowledge of the pertinent facts since no one can be presumed to have waived what was not known to him ... at the time of the alleged waiver", *Fernandez v. Windsor Life Insurance Company, supra,* 372 N.Y.S.2d at 364–365. The Court finds that there is no basis for plaintiff's claim that the defendant waived the misrepresentations on the application.

III. *Materiality of the Misrepresentations.*

■■■ Plaintiff also contends that the alleged omitted information on the application was not material to the risk assumed by defendant in issuing the policy. Under section 149(2) of the Insurance Law, a misrepresentation must be material for it to be a basis for rescinding a contestable insurance contract. The standard for determining whether a misrepresentation is material is whether knowledge of the misrepresented facts would have led to a refusal by the insurer to issue the policy. *Simon v. Government Employees Life Insurance Company, supra,* 434 N.Y.S.2d at 449; *Barrett v. State Mutual Life Insurance Company,* 58 A.D.2d 320, 396 N.Y.S.2d 848, 851 (1st Dept.1977), *aff'd* 44 N.Y.2d 872, 407 N.Y.S.2d 478, 378 N.E.2d 1047 (1978); *Fernandez v. Windsor Life Insurance Company, supra,* 372 N.Y.S.2d at 363. When a misrepresentation is material it deprives the insurer of its freedom of choice in determining whether or not to accept a risk. *Leamy v. Bershire Life Insurance Company, supra,* 383 N.Y.S.2d at 565, 347 N.E.2d at 890; *Grant v. Prudential Life Insurance Company,* Slip Op. No. 83–24652 p. 2 (Sup.Ct. City of N.Y. November 13, 1983).

■■■ Generally, the question of the materiality of a misrepresentation is a question of fact to be determined at trial. *Process Plants Corp. v. Beneficial National Life Insurance Company, supra,* 385 N.Y.S.2d at 310. However, where the facts misrepresented are so serious that one would know them to be of substantial concern to the insurer, they may be found to be material as a matter of law. *Id.* at

311 (cardiac related complaints and hypertension); *see Di Filippi v. Equitable Life Assurance Society,* 45 N.Y.2d 939, 411 N.Y.S.2d 562, 383 N.E.2d 1155 (1978) (reversing 61 A.D.2d 168, 401 N.Y.S.2d 532 and adopting the opinion of Hawkins, J., dissenting) (obstruction in genitourinary tract); *Massachusetts Mutual Life Insurance Company v. Tate,* 42 N.Y.2d 1046, 399 N.Y.S.2d 211, 369 N.E.2d 767 (1977) (reversing 56 A.D.2d 172, 391 N.Y.S.2d 667 and adopting the opinion of Hopkins, J., dissenting) (psychiatric disorder and alcohol addiction); *Equitable Life Assurance Society v. O'Neil, supra,* 413 N.Y.S.2d at 716 (hypertension, acute anxiety syndrome, abnormal lung scan, X-ray studies showing borderline cardiomegaly); *Fernandez v. Windsor Life Insurance Company, supra,* 372 N.Y.S.2d at 364 (coronary heart disease and angina pectoris); *cf. Vander Veer v. Continental Casualty Company,* 34 N.Y.2d 50, 356 N.Y.S.2d 13, 14–15, 312 N.E.2d 156, 157 (1974) (history of episodes of paroxysmal arterial fibrillation omitted from health insurance application). Defendant alleges that the treatment and diagnoses that the insured omitted from his application were sufficiently serious as to be material as a matter of law as they involved a vital organ of the body—the heart. The Court finds that the insured's omitted medical history, which included diagnoses of and treatment for arteriosclerotic heart disease, myocardial ischemia, congestive heart failure and an enlarged heart was comparable to the misrepresentations that New York courts have found to be material as a matter of law. The Court finds, therefore, that under the standard outlined by the New York courts, the insured's omissions of the treatment he received for various heart conditions were material as a matter of law.

The Court also finds that the defendant would not have issued the policy if the insured had included the information concerning his heart condition on his application for the policy. The underwriting rules of the defendant and the affidavits submitted by two members of defendant's underwriting department establish that the

defendant would have rejected the policy if it had been aware that the insured had been diagnosed with and treated for arteriosclerotic heart disease, myocardial ischemia, congestive heart failure and an enlarged heart. The underwriting rules specifically state that a policy is to be rejected if definite enlargement of the heart is present with evidence of other heart disease. The affidavits of the underwriters confirm this.

When an underwriting manual states that a policy will not issue if certain conditions are present, failure to report those conditions is a material misrepresentation. *See Crotty v. State Mutual Life Assurance Company*, 80 A.D.2d 801, 437 N.Y.S.2d 103, 104 (1st Dept.1981). Even in actions where the underwriting rules are not in evidence, courts have determined on the basis of affidavits or testimony of the underwriters that no question of fact exists as to whether the insured would have issued the policy. *Myers v. Equitable Life Assurance Society*, 60 A.D.2d 942, 401 N.Y.S.2d 325, 326 (App.Div. 3d Dept.1978); *Barrett v. State Mutual Life Assurance Company, supra*, 396 N.Y.S.2d at 851; *Grant v. Prudential Life Insurance Company, supra*, No. 83–24682 at 2. *But see Wittner v. IDS Insurance Company*, 96 A.D.2d 1053, 466 N.Y.S.2d 480, 481 (2d Dept.1983) (conclusory statements by an insurance company employee that company would not have issued the policy if it had known the insured's true medical history is, in and of itself, insufficient to establish that misrepresentations were material). Both the underwriting rules and affidavits of the underwriters explaining how those rules apply to the insured's application are before the Court in this action. As these submissions conclusively establish that the defendant would not have issued the policy if it had been aware of the omitted facts, there is no need for further discovery of defendant's underwriting practices or presentation of the evidence to a jury at trial.

Plaintiff contends that if the alleged omissions are material under the defendant's underwriting rules, these rules violate public policy. An insurance company is entitled, however, to determine what risks it chooses to accept for insurance. *Vander Veer v. Continental Casualty Company, supra*, 356 N.Y.S.2d at 14, 312 N.E.2d at 157; *see Fernandez v. Windsor Life Insurance Company, supra*, 372 N.Y.S.2d at 363. An insured is not entitled to take this choice away from his insurer by failing to disclose information material to the risk.

*Conclusion*

The Court finds that defendant issued the policy on the basis of the statements made by the insured in his application and on the basis of the paramedic's report. It also finds that at the time of making the application the insured misrepresented his medical history. Finally, the Court finds that this misrepresentation was material to the risk assumed in accepting the application.

Unlike the issues presented to the court in *National Life Insurance Company v. Solomon*, 529 F.2d 59, 60 (2d Cir.1975), none of the issues in this action involve questions of fact for determination at trial. In that action, the Second Circuit held that issues of material fact existed as to whether the insured was ever treated for heart disease, whether the insurer was aware of the alleged disease and whether the insurer would have issued the policy notwithstanding the insured's alleged condition. The Second Circuit noted, however, that plaintiff had not had an opportunity to obtain discovery of whether the alleged treatment had been rendered and that the plaintiff had alleged that defendant had issued policies to similar risks in the past and that the high premium at which the policy was issued indicated an awareness on the insurer's behalf of the insured's condition. No such issues requiring further discovery and evaluation of contradictory facts are presented by this action.

Plaintiff's defenses to the counterclaim for rescission are inadequate as a matter of law. The defendant is entitled to summary judgment rescinding the policy and dismissing the complaint. Defendant is ordered to

tender return of the premiums paid on the policy, plus interest, to the plaintiff.

SO ORDERED.