■ PHILIP J. DWYER, Respondent-Appellant, v FIRST UNUM LIFE INSURANCE COMPANY et al., Appellants-Respondents. [837 NYS2d 635]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered December 13, 2006, as amended by order, same court and Justice, entered February 16, 2007, which denied plaintiff's and defendants' motions for summary judgment, inter alia, unanimously modified, on the law, defendants' motion granted to the extent of rescinding the policy, the complaint otherwise dismissed, and otherwise affirmed, with costs in favor

of defendants. The Clerk is directed to enter judgment accordingly.

For the insurer to be entitled to rescind the policy ab initio, after it had been in existence for two years during the insured's lifetime, it must identify a material misrepresentation in the application that was intended to defraud the insurer (Insurance Law § 3105 [b]; § 3216 [d] [1] [B] [i]; *Interested Underwriters at Lloyd's v H.D.I. III Assoc.*, 213 AD2d 246, 247 [1995]; *Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214, 216-217 [1976], *affd* 42 NY2d 928 [1977]). "Ordinarily, the question of materiality of misrepresentation is a question of fact for the jury. However, where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine" (*id.* at 216). Here, defendants presented the affidavit of their chief underwriter, as well as the company guidelines, both of which establish that if defendants had known of plaintiff's history of chronic back pain, including his prescription medication for such pain and his hospitalization within five years prior to filling out the insurance application, they would not have issued the policy to plaintiff in its present form (*Barrett v State Mut. Life Assur. Co.*, 58 AD2d 320, 323 [1977], *affd* 44 NY2d 872 [1978], *cert denied* 440 US 912 [1979]; *Process Plants*, 53 AD2d at 216-217).

Plaintiff's intent to defraud defendants may also be determined as a matter of law where, as here, it is uncontested that he knew the answers he provided to the questions on the application were false, and he provided some partial answers, omitting only information that would actually have been relevant to a determination of his insurable risk (*see Wageman v Metropolitan Life Ins. Co.*, 24 AD2d 67, 71 [1965], *affd* 18 NY2d 777 [1966]). Nor was plaintiff entitled to rely on his broker to waive or omit any answer to the specific questions in the application (*see id.* at 69; *see also Simon v Government Empls. Life Ins. Co. of N.Y.*, 79 AD2d 705 [1980]).

We reject plaintiff's assertions that preexisting conditions, in place for more than two years, are not subject to the exception for fraudulent misrepresentations under the policy. While plaintiff has spent much of his argument noting other cases in which these defendants or other subsidiaries of UnumProvident were found to have acted in bad faith (*see e.g. Radford Trust v First Unum Life Ins. Co. of Am.*, 321 F Supp 2d 226 [D Mass 2004]; *Hangarter v Paul Revere Life Ins. Co.*, 236 F Supp 2d 1069 [ND Cal 2002], *affd in part and revd in part* 373 F3d 998 [9th Cir 2004]), he has failed to come forward with admissible evidence demonstrating such bad faith at work here. Indeed,

here, the evidence demonstrates a good faith basis for rescission of the policy.

We have examined plaintiff's remaining arguments and find them insufficient to raise a triable issue of material fact. Concur—Tom, J.P., Mazzarelli, Andrias, Williams and McGuire, JJ. [*See* 14 Misc 3d 1202(A), 2006 NY Slip Op 52380(U).]