10-0227-cv
Dormer v. Northwestern Mutual Life Insurance Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT:  GUIDO CALABRESI,
                    GERARD E. LYNCH,
                                *Circuit Judges*,
                    J. GARVAN MURTHA,
                                *District Judge.*[*]

----------------------------------------------------------------

ANITA L. DORMER, M.D.,
                    *Plaintiff-Counter-Defendant-Appellant*,

                    v.                                          No. 10-0227-cv

NORTHWESTERN MUTUAL LIFE INSURANCE CO.,
                    *Defendant-Counter-Claimant-Appellee.*[**]

----------------------------------------------------------------

FOR APPELLANT:        Parker Waggaman, New York, New York.

---

[*] Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption to conform to the listing of the parties above.

FOR APPELLEE:                    Michelle J. d'Arcambal, d'Arcambal Levine & Ousley LLP,
                                  New York, New York.

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Dr. Anita Dormer appeals from a judgment dismissing her complaint against Northwestern Mutual Life Insurance Company ("Northwestern") and rescinding her insurance policies. We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision.

Under New York Insurance Law, an insurer may only rescind an insurance policy that, like Dormer's, has been in effect for over two years if the insurer can "identify a material misrepresentation in the [insured's] application that was intended to defraud the insurer." Dwyer v. First Unum Life Ins. Co., 837 N.Y.S.2d 635, 636 (1st Dep't 2007), citing N.Y. Ins. Law § 3216(d)(1)(B)(i). After a two-day bench trial, the district court concluded that Dormer's failure to fully disclose her history of chronic fatigue syndrome, Bell's palsy, and back pain when applying for disability insurance constituted an intentional and material misrepresentation and permitted Northwestern to rescind Dormer's policies.

Dormer has barely challenged the district court's finding with respect to the factual falsity or materiality of the representations in question. She therefore may be treated as having abandoned any challenge to the district court's finding on those issues. See JP

2

*Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). In any event, Northwestern's underwriting guidelines and uncontroverted trial testimony from a Northwestern underwriter make clear that, had Dormer been forthright in her insurance applications, her applications would have been denied. Under New York law, that evidence amply established materiality. See *Crotty v. State Mut. Life Assur. Co. of Am.*, 437 N.Y.S.2d 103, 104 (1st Dep't 1981); *Myers v. Equitable Life Assur. Soc'y of the U.S.*, 401 N.Y.S.2d 325, 326 (3d Dep't 1978).

However, Dormer insists that the record does not support the district court's factual finding that she intended to defraud Northwestern. We review that finding for clear error. See *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 880 F.2d 642, 649 (2d Cir. 1989).

The record contains more than enough evidence of Dormer's intent to defraud to support the district court's finding. In applying for disability insurance, Dormer routinely denied suffering from illnesses that she later admitted to having and otherwise misstated her medical history. For example, Dormer's applications denied any muscle weakness, but she later admitted to a history of facial weakness leading to a diagnosis of myasthenia gravis. Dormer also claimed that her physician had concluded that "all [was] normal" after a recent examination, but medical records from that doctor reveal complaints ranging from hypotension to shoulder pain. Similarly, even though Dormer was on disability for at least six months in 1993, she denied having previously received any disability payments. A reasonable factfinder could easily infer that this pattern of minimizing an adverse medical history, in connection with a disability insurance application, could not have been accidental

3

and must have been intended to reduce the risk that the application would be denied.

Moreover, Dormer's misrepresentations continued in her trial testimony. The district court noted numerous examples of "false or misleading" testimony and concluded that Dormer's answers "seemed designed . . . to place the best possible gloss on a momentary issue even if it was inconsistent with testimony she gave on some other related issue." These credibility findings by the trier of fact are entitled to deference, Wade v. Orange County Sheriff's Office, 844 F.2d 951, 955 (2d Cir. 1988), and in any event we see no error in them. This lack of candor supports the inference created by the factual record that Dormer acted with fraudulent intent. We therefore find no error, let alone clear error, in the district court's finding that Dormer's misrepresentations were intentional and intended to mislead the insurer.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court