Milton Sanders, J.
This is an action by Consolidated Edison Company of New York, Inc., (“ Con Edison,”) to recover a balance alleged to be due from defendant on five electric bills for the summer periods of 1968, 1969, and 1970, Defendant disputed the amounts of these bills on the basis that they exceeded past bills for comparable periods, including the summer of 1967, by too great an amount to have any validity. He questioned the accuracy of the meter and/or the readings taken, as well a-s Con Edison’s statements as to the .amount of electricity consumed. After a considerable amount of correspondence had taken place between the parties, defendant sent a letter on December 6, 1969 to the attention of the president of Con Edison, with carbon copies to the company at their local office and to the post office box designated for the payment of bills. The letter stated again defendant’s disagreement with the amounts of the first three bills, and advised that he had arbitrarily picked the sum of $35 as the proper amount due on each bill, as that sum reflected his past experience, and stated further that he was sending three checks for $35 each to the office designated for collection. Each check would bear the legend:
“ This check is in full payment and satisfaction of the bill of Consolidated Edison Company of New York, Inc., to Mark Arroll, Account Number 26-2726-0191-002 for the period of-- to-and negotiation of this check constitutes release of any bills or claims of Consolidated Edison Company of New York, Inc., sometimes known as Con Edison, against Mark Arroll. ”
*818 The letter went on to state that it is the law that the cashing or mere retention of the checks beyond a reasonable length of time constitutes an accord and satisfaction. On September 25, 1970, defendant took the same action with respect to the remaining two bills in dispute, sending a similar letter to the president of the company, and carbon copies to the same offices. Con Edison subsequently replied to defendant’s letters, but it merely restated in its replies that the meter and the readings thereof had been found to be accurate, and that the electricity billed for had actually been consumed. The letters made no mention of and completely ignored the paragraphs advising about the checks. Five checks in the amount of $35 each were mailed by defendant to the address designated by Con Edison for the payment of bills. Each check bore the legend previously stated on the back thereof. On the face of each. check the words ‘ ‘ paid in full ’ ’ were written, together with an identification of the bill to which it related, the defendant’s account number, and a reference to the letter of either December 6, 1969 or September 25,1970. All five checks were received and deposited and Con Edison has retained the proceeds thereof. Ooh Edison now seeks the difference between the payments received and the full amounts of the bills rendered. The customer’s defense is accord and satisfaction.
After considering all of the competent and credible evidence presented, I am satisfied that the meter and the readings taken thereof by Con Edison were accurate, and that the electricity billed for was actually consumed, since defendant failed to submit any evidence to the contrary. I find, therefore, that the disputed bills reflected the proper charges for defendant’s use of electricity. We are concerned, however, with whether or not the defense of accord and satisfaction has been established in the light of the facts and circumstances described.
The law is well settled that where an amount due is in dispute, and the debtor sends a check for less than the amount claimed, and clearly expresses his intention that the check has been sent as payment in.full, and not on account or in part payment, the cashing or retention of the check by the creditor is deemed an acceptance by the creditor of the conditions stated, and operates as an accord and satisfaction of the claim (Fuller v. Kemp, 138 N. Y. 231 ; Nassoiy v. Tomlinson, 148 N. Y. 326 ; Schuttinger v. Woodruff, 259 N. Y. 212 ; Carlton Credit Corp. v. Atlantic Refining Co., 12 A D 2d 613, affd. 10 N Y 2d 723). Con Edison’s contention that there was no bona fide dispute as to the amount due has no merit. As the court stated in Schuttinger v. Woodruff, supra, in order for the rule to *819 apply, 1 ‘ The debtor must honestly hold the opinion either that he owes nothing or that he is bound only to the extent of paying less than his adversary seeks to exact * * * The dispute need not rest upon factors arising from sound reasons. The debtor may be wrong in his contention. That he honestly believes in the correctness of his position is enough.” (See, also, Simons v. American Legion of Honor, 178 N. Y. 263.) It is evident, and I so find, from the testimony and the documents and correspondence offered in evidence, that the defendant honestly and in good faith believed that he owed less than the amount Con Edison claimed. Under the circumstances it cannot be said that a bona fide dispute did not exist.
In view of the existence of an honest dispute as to the amount of electricity consumed, a settlement by way of accord and satisfaction would not violate subdivision 2 of section 65 or subdivision 12 of section 66 of the Public Service Law, which prohibit the electric company from granting preferences to customers.
This brings us to the question as to whether the retention of the proceeds of the checks by Con Edison bound the company to an accord and satisfaction. Evidence was presented by Con Edison that the address designated for mailing payment of bills was a post office box from which all payments were picked up directly by employees of the bank in which the company maintained its account. The company argues that the nature and volume of its operations does not allow for an examination by bank employees of each and every check it receives for language written thereon which could bind it to an accord and satisfaction. What Con Edison is really saying is that because it conducts such a large operation, it should be exempted from the application of well-settled principles of law which would bind individuals and all smaller business organizations. I cannot accept this conclusion. To permit Con Edison to follow one set of rules while everyone else is following another would cast an intolerable burden on the orderly functioning of the community. The fact remains that Con Edison accepted the benefits of defendant’s checks. Con Edison cannot, by arranging for someone else to accept payment of bills for its own convenience, avoid the consequences of the law.
It should be noted that even if Con Edison had written to defendant and expressly rejected the condition that the checks were to be accepted as full payment, the depositing and retention of the proceeds of the checks would .nevertheless operate as an accord and satisfaction. As the court stated in Carlton *820 Credit Corp. v. Atlantic Refining Co. (supra) “ The plaintiff could not accept the payment and reject the condition [citations omitted]. It was fully aware of the attempt to satisfy the amount claimed with 'a lesser payment but despite that it accepted the check with the condition imposed. True, it is stated that there was no intention to accept the check in full satisfaction and protest was registered. However, such protest is unavailing.” (See, also, Rosenblatt v. Birnbaum, 16 N Y 2d 212). It is not the creditor’s intent that controls. “ What is said is overridden by what is done, and assent is imputed as an inference of law ”. (Hudson v. Yonkers Fruit Co., 258 N. Y. 168, Cardozo, Ch. J.)
There is no question that Con Edison was given sufficient notification that the checks were to be considered ,as payment in full. Defendant’s letters to Con Edison’s president clearly indicated defendant’s intent. In Carlton Credit Corp. v. Atlantic Refining Co. (supra) a case quite similar to this one, it was said that: ‘ ‘ The acceptance and negotiation by the plaintiff of the defendant’s check constituted an accord and satisfaction. The covering letter to which the check was annexed, itemizing in detail the deductions claimed, makes it clear that the payment made was conditioned upon its acceptance as payment in full for the larger amount claimed by the plaintiff to be due it from the defendant. ’ ’
The affirmative defense of accord and satisfaction is sustained. Judgment for defendant.