Johst P. Donohoe, J.
This motion for an order granting summary judgment, pursuant to CPLR 3212, to the defendant New York Life Insurance Company, on the grounds that no issue of fact remains for a trial, the insured’s material misrepresentation having been proven and an accord and satisfaction having been entered into by the plaintiff and on the further ground that no reply having been made to defendant New York Life’s counterclaim, the allegations therein are deemed admitted by plaintiff is granted.
In this action to recover the face amount of a policy of life insurance, the insurer defends on two grounds. The first and more important of these is that the defendant issued the policy on the life of the decedent in reliance upon false representations about the state of the insured’s health contained in her application for insurance. The affidavits and depositions remove any doubt about this claim. It was freely admitted by the decedent’s husband, who claims the proceeds of the policy, that his wife had undergone surgery within about a month before she signed the application and that the surgery revealed that she had cancer. Nevertheless, she denied in the application that she had ever had cancer or any intestinal disease and even said that she had not had a surgical operation.
Plaintiff’s only argument is that he and his wife told the insurance agent who wrote the policy all of the particulars of the wife’s physical condition. He, it is claimed, told them not to worry about that, and advised her that if she would sign the application in blank he would fill in the answers to the questions before forwarding the application.
The allegations upon which the plaintiff relies, if proven, would not entitle him to recover. There is in the terms of the policy the following provision:
“ 2. No field underwriter or other agent of the Company, nor any medical examiner, is authorized to accept risks, pass *963 upon insurability, make or modify contracts or waive any of the Company’s rights or requirements.
“ 3. The Applicant agrees that the written representations made in such application are correctly recorded, complete and true and that the Company, believing them to be true, shall rely and act upon them accordingly. The Applicant confirms all agreements included in such application and agrees that acceptance of any policy issued thereon shall constitute ratification of such agreements and of any amendments and corrections which the Company has made under item 11 above.”
It has been held recently, in Wageman v. Metropolitan Life Ins. Co. (24 A D 2d 67, affd. 18 N Y 2d 777) that a provision which is materially the same is binding against the policy holder. In fact, it is the duty of the policy holder to examine the policy and to correct any answers which are not correct. (Minsher v. John Hancock Mut. Life Ins. Co., 254 N. Y. 333.)
The second ground upon which the defendant urges dismissal is that it returned the premium which had been paid to the plaintiff after it discovered the falsity of the application. The check was accompanied by a letter of explanation which pointed out that the defendant rescinded the policy, stating its reasons. The plaintiff cashed the check and retained its proceeds. His doing so completed the process of accord and satisfaction. (Consolidated Edison Co. of N. Y. v. Arroll, 66 Misc 2d 816.)
Submit order on notice.