Morton S. JACOBS, Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.

No. 87 Civ. 1633 (JES).

United States District Court, S.D. New York.

April 14, 1989.

Howard B. Arber, Hempstead, N.Y., for plaintiff.

Lane & Mittendorf, New York City, for defendant (William E. Kelly and John Lo-Bosco, of counsel).

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Dr. Morton S. Jacobs brings this action to recover disability benefits payable under an insurance policy issued by defendant Life Insurance Company of North America. Defendant has moved for summary judgment on the grounds that there has been an accord and satisfaction and that it was entitled to and did rescind the policy at issue due to plaintiff's material misrepresentation. For the reasons that follow defendant's motion is granted.

## FACTS

The following facts are undisputed.

Plaintiff is a dentist who was doing business as a professional corporation. On or about August 7, 1978 defendant issued an accident and sickness policy to the plaintiff, as an individual, through the American Dental Association. *See* Stipulation of Undisputed Facts ("U.F.") at ¶ 5. On or about July 19, 1981, plaintiff applied to increase the maximum monthly benefit under the policy to $2,000 per month, which coverage was provided in the form of a rider to the original policy effective October 22, 1981. *See* U.F. at ¶ 6; Ex. C. In the application for the rider plaintiff represented that the disability insurance he had requested together with any other disability insurance then in force or applied for was less than two-thirds of his then current income. *See* U.F. at ¶ 7; Ex. C.

Following plaintiff's injury in an automobile accident, defendant paid benefits to plaintiff under the policy from May 1, 1982 until August, 1983. *See* U.F. at ¶ 8; Ex. D. At that time defendant rescinded the policy based upon information plaintiff provided to the company which indicated that the sum of the benefits from other disability policies then in force exceeded two-thirds of his earned income as calculated in his 1981 and 1982 individual income tax returns. *See* U.F. at ¶¶ 9–11; Exs. E–H. In response to defendant's demands for the return of benefits he had already received, plaintiff made a series of payments to the defendant from September 5, 1983 to December 5, 1983. *See* U.F. at ¶¶ 12–15; Exs. H–K. In turn, defendant returned plaintiff's premiums. *See* U.F. at ¶ 13. As of December 5, 1983 the overpayment had been completely repaid. *See* U.F. at ¶ 15.

In February of 1986 plaintiff requested a review of the previous rescission based upon his contention that it was the income of his professional corporation, not his individual income which was relevant in determining his earned income under the policy. *See* U.F. at ¶ 16; Exs. L–M. Defendant reviewed its previous decision and stood by it. *See* Ex. N. The instant action was then commenced on May 12, 1987.

## DISCUSSION

### I. *Accord and Satisfaction*

■ Defendant contends that by repaying the benefits he received and by accepting the return of his premiums plaintiff entered into either an accord and satisfaction or a novation with respect to any claims he may have had under the policy. The Court agrees.

While there is some indication in the record that defendant may have been willing to reconsider its position notwithstanding the previous settlement of plaintiff's claims, *see* Exs. J, N,[1] there can be little doubt that the parties had in fact agreed to rescind the policy and to a mutual return of

---

**1.** Exhibits J and N to the Stipulation of Undisputed Facts are both letters written to the plaintiff from the defendant. Each letter ends with the following proviso:

Please be advised that all our actions are in good faith and without prejudice.... Nothing herein contained should be construed as a waiver of any of our rights under the policy

benefits received by each under the policy. Moreover, defendant in agreeing to reconsider its previous position did so on the condition that in so doing it was not waiving any of its rights, including the defenses now asserted. It follows that plaintiff is barred from litigating claims arising out of the rescinded policy and that defendant's motion must be granted. *See Gondolfo v. New York Life Ins. Co.,* 68 Misc.2d 961, 963, 328 N.Y.S.2d 457, 459 (Sup.Ct. Rockland Cty. 1971).

## II. *Misrepresentation*

Defendant also argues that even if plaintiff's suit is not barred it was nevertheless justified in rescinding the policy as a result of plaintiff's material misrepresentation. Defendant contends that plaintiff misrepresented that the total of his disability benefits from all sources was less than two-thirds of his then current earned income. Plaintiff, relying on the gross income of his professional corporation, rather than his individual earned income, asserts that there was no misrepresentation.

Plaintiff's claim lacks merits and must be rejected. Under New York law it is clear that a professional corporation must be regarded in the same fashion as any other corporation, with limited exceptions none of which apply here. *See We're Associates Co. v. Cohen, Stracher & Bloom, P.C.,* 65 N.Y.2d 148, 480 N.E.2d 357, 490 N.Y.S.2d 743 (1985); *Connell v. Hayden,* 83 A.D.2d 30, 443 N.Y.S.2d 383 (2d Dep't 1981). Its corporate identity is therefore statutorily separate from the identity of the individual. *See New Castle Siding Co. v. Wolfson,* 97 A.D.2d 501, 468 N.Y.S.2d 20 (2d Dep't 1983). New York law does not permit plaintiff to disregard the corporate form when it suits his purposes. Thus, income of a corporation, even one with only a single shareholder is distinct from plaintiff's individual income and cannot be substituted so as to relieve the plaintiff of the consequences of his misrepresentation.[2]

Plaintiff does not deny that he made a misrepresentation if his corporate income is not the equivalent of his individual income, nor does he contest the materiality of that representation. In any event, the Court finds both that plaintiff made a misrepresentation and that it was material.[3] Thus defendant was justified in rescinding the policy and its motion must be granted.

## CONCLUSION

For the reasons set forth above, defendant's motion is granted. The Clerk is directed to dismiss the complaint, enter judgment for the defendant and close the above-captioned action.

It is SO ORDERED.

---

or otherwise. Should you have any information which would prove contrary to our findings, please submit it to this office. We would be pleased to review any objective information you may wish to submit.

2. Indeed, Article 15 of New York's Business Corporation Law was passed, in part, to facilitate the separation of corporate and individual income that would allow sole proprietors to take advantage of federal tax benefits already available to professionals working for corporations. This change could only occur if the income of the individual remained separate from that of the professional corporation. *See We're Associates, supra,* 65 N.Y.2d at 153, 480 N.E.2d at 360, 490 N.Y.S.2d at 746. Thus, even if a sole shareholder might for some purpose, be considered one with his professional corporation, it is clear from the purpose of Article 15 that shareholder and corporation may not be considered to have identical incomes.

3. An insurer may rescind a policy of insurance where the insured has made a material misrepresentation, even if the misrepresentation is made innocently. A misrepresentation is material under New York law if knowledge of the misrepresentation would have played a role in the insurer's decision of whether to issue the policy. *See Friedman v. Prudential Life Ins. Co. of Am.,* 589 F.Supp. 1017, 1022, 1026 (S.D.N.Y. 1984).

Several other jurisdictions have found that the type of misrepresentation at issue here is material because where an insured's disability coverage equals or exceeds his income he has no incentive to return to work. The absence of such an incentive would clearly cause the insurer not to issue the policy. *See e.g., McDaniel v. Physicians Mutual Ins. Co.,* 621 S.W.2d 391 (Sup. Ct.Tenn.1981); *Langlois v. Wisconsin Nat. Life Ins. Co.,* 19 Wis.2d 151, 119 N.W.2d 400 (1963).