United States Court of Appeals,

Eleventh Circuit.

No. 94-7018.

Marcy KILGORE, Pam Medders, Vicki Ellis, Plaintiffs-Appellants,

v.

THOMPSON & BROCK MANAGEMENT, INC.; Eddie Schultz, in his official capacity as a Supervisor of Pizza Hut, Defendants-Appellees.

Sept. 5, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 90-HM-2173-J), E.B. Haltom, Jr., Judge.

Before EDMONDSON and DUBINA, Circuit Judges, and FARRIS[*], Senior Circuit Judge.

FARRIS, Senior Circuit Judge:

Marcy Kilgore, Pam Medders, and Vicki Ellis sued their employer, Thompson & Brock Management, Inc., charging sexual harassment in violation of Title VII, as well as the torts of outrage and invasion of privacy under Alabama law. They appeal the district court's grant of summary judgment in favor of the company.

We AFFIRM.

I. Hostile Work Environment

Thompson and Brock Management, Inc. had a contract to manage the Pizza Hut in Jasper, Alabama. Kilgore, Medders, and Ellis claim to have been sexually harassed by Eddie Schultz, the delivery driver for the Jasper Pizza Hut. "An employer is indirectly liable for hostile work environment sexual harassment if the employer knew or should have known of the harassment and failed to take prompt

---

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

remedial action." *Faragher v. City of Boca Raton,* 76 F.3d 1155, 1167. "The employee can show that the employer had knowledge of the harassment by proving that she complained to higher management of the problem or by demonstrating that the harassment was so pervasive that an inference of constructive knowledge arises." *Huddleston v. Roger Dean Chevrolet, Inc.,* 845 F.2d 900, 904 (11th Cir.1988).

Ellis and Kilgore first complained to Sherry Schultz, the manager of the Jasper Pizza Hut. They contend that this constituted a complaint to the "higher management" of Thompson and Brock. The record refutes the argument. Although Sherry Schultz had managerial responsibilities at the Pizza Hut facility itself, she was not part of "higher management" at Thompson and Brock. Thompson and Brock did not have knowledge of the alleged sexual harassment until Medders and Ellis called Thompson and Brock's office and left a message for Vice President Rommie Brock on November 17, 1989.[1]

Thompson and Brock can only be liable under Title VII for Eddie Schultz's alleged misconduct if it failed to take prompt remedial action after receiving notice of the alleged sexual harassment.[2] The "remedial action" must be "reasonably likely to prevent the misconduct from recurring." *Guess v. Bethlehem Steel*

[1] It is unfortunate, but not fatal, that the plaintiffs elected not to follow established written procedures for notification of Thompson and Brock.

[2] An employer can also be held directly liable under Title VII for a hostile work environment in the rare case where "a supervisor or other employee act[s] within the scope of his employment in creating a hostile work environment." *Faragher,* 76 F.3d at 1166. This case does not present that situation.

*Corp.,* 913 F.2d 463, 465 (7th Cir.1990). The district court did not err in holding that Thompson and Brock took prompt remedial action under the facts and circumstances of this record.

After receiving notice on Friday, November 19, 1989, Thompson and Brock began an investigation of the alleged sexual harassment. Diane Ingraham (operations manager of Thompson and Brock) and Rommie Brock arranged a meeting with the plaintiffs for Tuesday, November 23, 1989. After arriving in Jasper, Ingraham and Brock were told that the plaintiffs would not meet with them and were represented by counsel. Thompson and Brock continued its investigation by interviewing Eddie Schultz, Sherry Schultz, and other female employees at the Jasper Pizza Hut. Eddie and Sherry Schultz denied the sexual harassment complaints. Thompson and Brock failed to find any support for the sexual harassment allegations: 1) the female employees interviewed stated that they had not seen Eddie Schultz engaging in any sexually harassing behavior, 2) Eddie and Sherry Schultz denied the allegations, and 3) the plaintiffs had all voluntarily resigned and refused to meet with Thompson and Brock officials. Notification by telephone on Friday followed by scheduled investigatory interviews on the following Tuesday establish that Thompson and Brock responded to the allegations with prompt remedial action. They are therefore not liable for the alleged misconduct of Eddie Schultz.

II. Constructive Discharge

The plaintiffs also appeal the district court's grant of summary judgment in favor of the company on their constructive discharge claim. "To prove constructive discharge, the employees

must demonstrate that their working conditions were so intolerable that a reasonable person in their position would be compelled to resign." *Steele v. Offshore Shipbuilding, Inc.,* 867 F.2d 1311, 1317 (11th Cir.1989). A constructive discharge will generally not be found if the employer is not given sufficient time to remedy the situation. None of the plaintiffs returned to work after complaining to the company's corporate management. Summary judgment on the constructive discharge claim was appropriate; the plaintiffs did not allow sufficient time for Thompson and Brock to correct the situation.

III. State Law Claims—Outrage and Invasion of Privacy

The district court did not err in writing that it would be appropriate to dismiss for lack of jurisdiction over the pendant state law claims of outrage and invasion of privacy after granting summary judgment on the Title VII claims. *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (exercise of pendant jurisdiction is at the district court's discretion). But, the district court went on to grant summary judgment for defendants on the state claims; and going on was no abuse of discretion. In addition, the state law claims lack any support in the record.

In Alabama, the tort of outrage only applies "in the most egregious circumstances." *Thomas v. BSE Indus. Contractors, Inc.,* 624 So.2d 1041, 1044 (Ala.1993). The conduct complained of must be "so outrageous as to be regarded as atrocious and utterly intolerable in a civilized society." *American Rd. Serv. Co. v. Inmon,* 394 So.2d 361, 365 (Ala.1981).

Thompson and Brock can be held *directly* liable for invasion of privacy only if the company authorized or participated in Schultz's actions or ratified his conduct after learning of the action. *Potts v. BE & K Constr. Co.,* 604 So.2d 398, 400 (Ala.1992). It can be held *vicariously* liable only if Schultz's acts "were done in the line and scope of employment" for Thompson and Brock's benefit. *Id.* The record fails to include sufficient facts under either theory to withstand summary judgment.

AFFIRMED.